# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AKEYINDE HOLLOWAY,
:
    Petitioner,                                   Case No. 3:07-cv-219

:                District Judge Thomas M. Rose
    -vs-                                        Chief Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus. Petitioner was convicted by a jury in the Clark County Common Pleas Court on four counts of possession of drugs, one count of drug trafficking, one count of carrying a concealed weapon, and one count of having weapons while under a disability.

Petitioner pleads the two grounds for relief:

> **Ground One:** The petitioner is detained in violation of the Sixth Amendment to the U. S. Constitution.
>
> **Supporting Facts:** Trial counsel did not test the sufficiency of the State's evidence when he failed to file a motion to suppress.
>
> **Ground Two**: The Petitioner is detained in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution.
>
> **Supporting Facts**: The State did not prove beyond a reasonable doubt all elements of the crime necessary to support a guilty verdict.

-1-

(Petition, Doc. No. 1, at 6-7.)

On the Court's Order, the Warden filed a Return of Writ (Doc. No. 4). On Petitioner's Motion (Doc. No. 5), the Court set October 6, 2007, as the date by which Petitioner should file a reply to the Return of Writ (See notation order granting Doc. No. 5). On Petitioner's Motion (Doc. No. 6), his time to file was extended to and including October 16, 2007 (See notation order granting Doc. No. 6). However, Petitioner has failed to file a reply.

## Analysis

Respondent concedes that the Petition is timely filed under 28 U.S.C. §2244, that Petitioner has exhausted his available state court remedies, and that neither of his claims is barred by any procedural default. Thus the Court proceeds to consider the grounds for relief on the merits.

**Ground One: Ineffective Assistance of Trial Counsel for Failing to File a Motion to Suppress**

In his first ground for relief, Petitioner claims he was denied his Sixth Amendment right to counsel when his trial attorney failed to file a motion to suppress the evidence which was seized from him. This claim was raised and decided on direct appeal to the Clark County Court of Appeals.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under

law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

In deciding this claim on direct appeal, the Clark County Court of Appeals wrote:

> [*P15] The purpose of both the Federal and the Ohio provisions [relating to searches by police] is to protect persons from unreasonable intrusions by governmental agents into homes and other areas, including hotel rooms, Hoffa v. United States (1966), 385 U.S. 293, 87 S.Ct. 408, 17 L. Ed. 2d 374, in which such persons have a reasonable expectation of privacy. To implement the protection, both

provisions require a prior judicial warrant issued upon a showing of probable cause to believe that a search or seizure will produce evidence of criminal activity.

[*P16] Searches and seizures conducted without a prior warrant are unreasonable per se, and therefore illegal, subject to several well-established exceptions to the warrant requirement. Katz v. United States (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed. 2d 576. The State has the burden of proving that a warrantless search falls within one of those exceptions. State v. Tincher (1988), 47 Ohio App.3d 188, 548 N.E.2d 251. If the state fails to satisfy its burden, prohibition of the state's use of the evidence through an order of suppression is the proper remedy. Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed. 2d 1081, 86 Ohio Law Abs. 513.

[*P17] A principal exception to the Fourth Amendment warrant requirement is a search incident to a person's arrest. Draper v. United States (1959), 358 U.S. 307, 79 S. Ct. 329, 3 L.Ed.2d 327. The rationale for the exception is that the right to conduct the search flows automatically from the arrest; consequently, the critical issue is the legality of the arrest. State v. Griffin (1999), 133 Ohio App.3d 490, 728 N.E.2d 1097. An arrest is legal if it is based on either a warrant for the person's arrest or probable cause to perform the arrest. Probable cause to arrest exists when a reasonably prudent person would believe that the person to be arrested has committed a crime. State v. Timson (1974), 38 Ohio St.2d 122, 311 N.E.2d 16.

[*P18] Another, less well-understood exception to the Fourth Amendment warrant requirement is the "exigent circumstances" exception. That exception permits officers to enter a place they would otherwise not be able to enter, absent consent or a prior judicial warrant, for the purpose of responding to an emergency. The emergency must be both actual and on-going, and must be such that the delay generally associated with obtaining a warrant would result in endangering police officers or others or would result in the loss or concealment of evidence. Katz, Ohio Arrest, Search and Seizure (2002 Ed.), Section 10.1.

[*P19] The exigent circumstances exception does not implicate a probable cause standard. Officers need only have a reasonable basis to believe, from the totality of the circumstances before them, that an emergency exists from which some particular unwanted result may follow. State v. Morris (Nov. 29, 1989), Montgomery App. No. 10992, 1989 Ohio App. LEXIS 4433. When that need is to protect

evidence from concealment or destruction, however, the existence of that evidence on the premises does not, in and of itself, create an emergency, even where probable cause exists to believe it is there. Agnello v. United States (1925), 269 U.S. 20, 46 S. Ct. 4, 70 L. Ed. 145. There must be some actual need to protect the evidence, demonstrated for example by overt efforts of persons inside that, if left undisturbed, portend destruction or concealment of the evidence.

[*P20] The State's reliance on the exigent circumstance exception is subject to one further qualification. Officers may not act for the purpose of creating the necessary exigency. For example, officers may not "knock and announce" their presence as police officers in order to create a reason to believe that evidence will be destroyed by persons inside that would permit the officers to enter. State v. Jenkins (1995), 104 Ohio App.3d 265, 661 N.E.2d 806. That bar applies whether officers merely suspect the evidence is there or have probable cause to believe that it is. Id.

[*P21] In rejecting the prior Anders brief, we found that an arguable issue exists whether, in the present case, officers acted improperly to create an exigency that permitted them to enter Defendant's motel room, citing Jenkins and the decision of this court in State v. Sims (1998), 127 Ohio App.3d 603, 713 N.E.2d 513. Appellant's new counsel argues that officers improperly created the necessary exigency when they knocked on Defendant's door. Upon consideration, we find that no reversible error is portrayed. Before discussing our reasons for that finding, however, a further observation is necessary to put the question in its proper context.

[*P22] Defendant's trial counsel filed no Crim.R. 12(C)(3) motion to suppress evidence police seized from his motel room. That failure would waive any error in the trial court's failure to suppress the evidence police seized when they entered Defendant's room. Therefore, the ultimate issue is whether counsel's failure to file a Crim.R. 12(C)(3) motion to suppress deprived Defendant of his Sixth Amendment right to the effective assistance of counsel.

[*P23] Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674.To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it

> not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
>
> [*P24] In the present case, the officers acted on a reasonable suspicion that there were drugs in Defendant's motel room when they knocked on his door. They were authorized to knock on the door to investigate their suspicions. In doing so, and unlike in Jenkins, the officers did not announce that they were police. When Defendant asked, "Who is it?" Officer Tate responded, "It's Tator. Open the door." Defendant then opened the door voluntarily, permitting the officers a very limited view of Defendant and his room. Nevertheless, the view they had permitted Officer Fent to see the butt end of a handgun sticking out of Defendant's pants pocket. That evidence, in plain view of the officers who were legally in a position to see it, was probable cause implicating Defendant in commission of a weapons offense that was sufficient to permit the officers to enter the room to arrest Defendant and to seize other evidence of criminal conduct that they found inside. State v. Blevins (Aug. 16, 1990), Cuyahoga App. No. 57231, 1990 Ohio App. LEXIS 3489.
>
> [*P25] The officers did not enter Defendant's motel room to prevent the destruction or concealment of evidence, but to arrest Defendant for an offense which they had probable cause to believe he committed. We find no violation of Defendant's Fourth Amendment rights that would justify suppression of the evidence that police seized from Defendant's motel room. Therefore, his trial counsel was not ineffective because he failed to file a motion to suppress evidence. The first and second assignments of error are overruled.

*State v. Holloway*, 2006 Ohio App. LEXIS 4692 (Ohio App. 2nd Dist. Sept. 15, 2006).

Petitioner provides no argument as to how this decision is an objectively unreasonable application of clearly established United States Supreme Court case law. The relevant precedent is *Strickland v. Washington*, 466 U.S. 668 (1984), which the Court of Appeals cites and correctly applies. There cannot be a Sixth Amendment violation when there was no actionable Fourth Amendment violation to ground a motion to suppress. When Defendant opened the door of the motel room and allowed the arresting officer to see the partially concealed handgun, he exposed to

the officer's view sufficient facts to create probable cause to believe he had committed a felony weapons offense for which he was arrested; the subsequent search was therefore incident to a lawful arrest.

Petitioner's first ground for relief is without merit and should be denied.

### Ground Two: Insufficient Evidence

In his second ground for relief, Petitioner claims he was convicted on insufficient evidence (Petition, Doc. No. 1, at 7). Petitioner does not indicate in his Petition which counts of conviction he claims are without sufficient evidence, but the only claim of insufficient evidence raised on direct appeal was in reference to the trafficking and drug abuse counts arising from search of his motel room on July 2, 2004, and the search of the glove box of the car in which he was arrested on July 22, 2004.

The same standard of review is applicable to this ground for relief as to the first in that the Clark County Court of Appeals decided both of them on the merits. As to the July 2, 2004, arrest, Petitioner's only argument on direct appeal was that there was insufficient evidence because all the evidence had been unconstitutionally seized. As to the July 22, 2004, arrest, he claimed there was insufficient evidence he possessed the drugs in question. The Court of Appeals wrote on these claims:

> [*P27] A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. [State v.] Thompkins, supra [78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541]. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks

(1991), 61 Ohio St.3d 259, 574 N.E.2d 492:

[*P28] "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

[*P29] Defendant does not argue that the State failed to prove any specific element of any of the drug offenses charged as a result of the search of his motel room on July 2, 2004. Rather, Defendant claims that the evidence was insufficient because it was seized in violation of his Fourth Amendment rights. However, we previously concluded in disposing of Defendant's first assignment of error that the warrantless entry into Appellant's motel room by police did not violate his Fourth Amendment rights. Therefore, the evidence police recovered as a result was properly admitted. Construing that evidence in a light most favorable to the State, a rational trier of facts could find that all of the elements of the drug offenses charged in Case No. 2004-CR-527 were proved beyond a reasonable doubt. Therefore, Defendant's conviction on the drug charges stemming from the July 2, 2004, motel room incident is supported by legally sufficient evidence.

[*P30] With respect to the incident of July 22, 2004, and the drug possession charges stemming therefrom in Case No. 2004-CR-586, Defendant argues that evidence that he was seated in the front passenger seat of a stolen vehicle was insufficient to prove that he "knowingly possessed" the illegal drugs found by police in the closed but unlocked glove compartment.
[*P31] "Possession" is defined in R.C. 2925.01(K):

[*P32] "Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

[*P33] Possession of a drug may be either actual physical possession or constructive possession. State v. Butler (1989), 42 Ohio St.3d 174,

-8-

> 538 N.E.2d 98. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362; State v. Wolery (1976), 46 Ohio St.2d 316, 348 N.E.2d 351.
>
> [*P34] The State's evidence, if believed, demonstrates that Defendant was seated in the front passenger seat of the vehicle, directly in front of the closed but unlocked glove compartment where the heroin and crack cocaine were discovered by police. Those drugs were in close proximity to Defendant and easily within his reach. Officer Selner testified concerning the statements made by Defendant's female companion, that Defendant had driven the car from Dayton to Springfield. That evidence permitted a finding that Defendant exercised dominion and control over the vehicle in which drugs were found.
>
> [*P35] In terms of "knowing possession," knowledge must be determined from all of the facts and circumstances surrounding the incident. State v. Williams (April 1, 2005), Montgomery App. No. 20271, 2005 Ohio 1597. The evidence presented by the State permits a reasonable inference that Appellant knowingly and constructively possessed the drugs and other evidence found in the vehicle's glove compartment and console. Viewing the evidence in a light most favorable to the State, as we must, a rational trier of facts could find that all of the elements of the drug possession charges in Case No. 2004-CR-586 were proved beyond a reasonable doubt. Defendant's conviction on the drug possession charges stemming from the July 22, 2004, stolen vehicle incident is therefore supported by legally sufficient evidence.

*State v. Holloway, supra.*

This determination by the Clark County Court of Appeals is an objectively reasonable application of clearly established federal law. *State v. Thompkins,* relied upon by the court for the standard of review, embodies the same standard adopted by the United States Supreme Court. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000);

*Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* The Court of Appeals determined that a rational trier of fact could have found that Petitioner's driving a stolen vehicle from Dayton to Springfield and his thereafter being seated immediately in front of the unlocked glove box which contained both the heroin and crack cocaine was sufficient to prove possession of the drugs under Ohio law. That was not an unreasonable determination. Petitioner's second ground for relief is therefore without merit.

**Conclusion**

Petitioner has not established his entitlement to habeas corpus relief and the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 2, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).